IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO

IN RE:

WILFREDO  QUINONES CRUZ

JOSEFINA A GARCIA JIMENEZ

XXX-XX-6665

XXX-XX-2384

                                    Debtor(s)

CASE NO. 11-08947 BKT

Chapter 13

FILED & ENTERED ON 07/05/2012

ORDER AND ORDER

Before the Court is Debtors' Objection to Claim No. 8 [Dkt. No. 18], the Creditor's answer to Debtors' objection to Claim No. 8 [Dkt. No. 23], Debtors' position regarding the Creditor's response to objection to Claim No. 8 [Dkt. No. 29], the Creditor's motion in compliance with order and for reconsideration of order [Dkt. No.33], and Debtors' motion in compliance with order [Dkt. No. 35]. For the reasons set forth below, the Creditor's motion for reconsideration[Dkt. No.33] is DENIED.  The bench order of March 29, 2012 remains in effect.

I.    Facts and Procedural Background

On July 20, 2006, Norman L. Santiago ("Creditor"), obtained a judgment in his favor against the Debtors, Wilfredo Quiñonez Cruz and Josefina Altagracia García Jiménez, in the amount of $57,841.97 plus 9.75% in interest and attorney fees in the amount of $1,500.00 (the "Judgment"). On October 18, 2011, Debtors filed a chapter 13 bankruptcy petition [Dkt. No. 1]. On November 8, 2011, a title

study was made, and it confirmed that the Judgment was registered in the Registry of the Property on September 7, 2006. Moreover, Certification No. 1318 issued under the signature of Hon. Namyr I. Hernández Sánchez, Registrar of the Property of Bayamon's Section III, in fact certified that the Judgment was recorded in the Registry of Judgments on November 9, 2011, at folio 56, entry number 232, Volume 5.

On November 29, 2011,Creditor filed a proof of claim (Claim No. 8), claiming that a portion of his claim was secured in the amount of $92,729.00. The other portion of the claim was general unsecured for $1,500.00. On January 10, 2012,Debtors filed the objection to Claim No. 8[Dkt. No. 18] alleging that the Creditor's claim failed to provide sufficient evidence of perfection of the purported lien. Debtors also argued that five (5) years and ninety (90) days had elapsed since the Judgment was registered at the Registry of Property and that the Creditor took no action to execute the judicial lien in his favor. Accordingly, Debtors argued that Creditor's Claim No. 8 should be completely classified as a general unsecured claim.

On February 15,2012, the Creditor filed his answer to Debtors' objection Claim No. 8 [Dkt. No. 23]. Creditor asserted that even when the Judgment was registered on September 07, 2006, according to the Certification No. 1318, the Judgment was not recorded in the Registry of Judgments until November 9, 2011.It is the Creditor's contention that the latter date establishes the commencement of the right to exercise a secured preference under Puerto Rico law to recover the amount of $57,841.97 plus interests, costs and fees. For that reason, the Creditor alleged that there is a perfected judgment lien over Debtors' property, and claimed a secured interest over said property. The Creditor requested from this court to deny Debtors' request to classify Creditor's Claim No. 8 as a general unsecured claim.

On March 25, 2012, Debtors filed their position regarding Creditor's

response to objection to Claim No. 8 [Dkt. No. 29]. Debtors argued that the Judgment could be cancelled at Debtors' request after five (5) years from its registration at Registry of the Property. Therefore, on March 14, 2012,Debtors purportedly filed with the Registry of the Property a request for cancellation of the recorded judgment. Debtors' request for cancellation of the judgment lien is based on the following arguments:

First, Debtors aver that pursuant to Puerto Rico Mortgage Law, any judgment lien has a validity of five (5) years from the inscription or registration of the judgment with the Registrar of the Property. Debtors point out that more than five years had elapsed from the Judgment registration until the filing of voluntary petition.  As such, said lien was no longer valid and should be cancelled. Debtors also aver that, based on the title study prepared and provided by the Creditor, the Judgment had been withdrawn from the Registry of the Property.

Second, Debtors argue, in the alternative, that if the Court were to find that the five (5) year period provided by the Puerto Rico Mortgage Law to cancel the lien commenced from the recordation and not the registration of the lien, then the Registrar of Property was forbidden by the provisions of the automatic stay from making any annotations after the filing of the bankruptcy petition.

During the confirmation hearing held on March 29, 2012,in light of the arguments presented by the parties, and because of the fact that over five (5) years had transpired from the registration of the Judgment, Debtors' objection to Claim No. 8 [Dkt. No.18] was granted [Dkt. No. 31].  On April 17, 2012, Creditors filed a motion in compliance with order and requesting reconsideration of the bench order of March 29, 2012 [Dkt. No.33].

In his motion in compliance with order filed on April 17, 2012 [Dkt. No.33], the Creditor requested reconsideration under Section 1808, P.R. Laws Ann. 30 §1808, which provides that:

> "When the lien has been established as provided by §§ 1801-1813 of this title, it shall continue in effect until it is cancelled, which shall be done by petition of the interested party to the property registrar through action, after the term of five years from the date of said recording in the registry of judgments".
> P.R. Laws Ann. 30 §1808

Creditor argues that, pursuant to said Section 1808, the lien continues in force until it is cancelled. Hence, at the time of the filing of the petition and when the automatic stay came into effect, the judgment lien was in full force and in effect. Creditor claims to still have a security interest in Debtors' only real estate property. [Dkt. No. 33]. Creditor further argues that Debtors cannot request that the lien be cancelled at this time in order to obtain the retroactive effect of cancelling the judgment lien. Creditor asserts that it would be inequitable and an error of law to deny him the protection of his secured rights as they existed at the time of the filing of the bankruptcy petition.

II. Discussion

A. Relief from a judgment or order

Federal Rules of Bankruptcy Proceeding, Rule 9024, which makes Federal Rules of Civil Procedure 60 applicable to bankruptcy proceedings, affords six categories of reasons or grounds on which to base a motion seeking relief from a final judgment, order, or proceeding. Federal Rules of Civil Procedure 60(b) seeks to balance the interest in the stability of judgments with the interest in seeing that judgments not become instruments of oppression and fraud. 10 Collier on Bankruptcy ¶9024.03 (15th ed. rev.). "[T]he court may relieve a party . . . from a final judgment, order, or proceedings for . . . mistake, inadvertence, surprise, or excusable neglect." Fed R. Civ. P. 60(b)(1); Rule 60(b)(6) permits relief "for any other reason that justifies relief." Fed R. Civ. P. 60(b)(6).

Relief under Rule 60(b) is extraordinary in nature and motions invoking that rule should be granted sparingly. Karak v. Bursaw Oil Corp., 288 F.3d 15,

19 (1st Cir.2002). Such relief is available in our jurisdiction only when exceptional circumstances exist to justify this extraordinary relief. In re Rodriguez Camacho, 361 B.R. 294 (1st Cir.BAP, 2007)(citing Simon v. Navon, 116 F.3d 1, 5 (1st Cir.1997)). A party who seeks relief under Rule 60(b) must persuade the court, at a bare minimum, that exceptional circumstances exist, favoring extraordinary relief; that if the judgment is set aside, he has the right stuff to mount a potentially meritorious claim or defense, and that no unfair prejudice will accrue to the opposing parties should the motion be granted. Rodriguez Camacho, supra (citing Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir.2002)).

Creditor has failed to show that any exceptional circumstances exist that would require an extraordinary relief under Rule 60. Creditor has failed to allege details showing excusable neglect under a Rule 60(b)(1), and has failed to justify the relief under a Rule 60(b). As such, Creditor has failed to meet its burden for reconsideration under Fed. R. Bktcy P. 9024.

B.      Judgment lien under Puerto Rico law

Creditor's main argument is based on the validity and currentness of the post-judgment provisional remedy, in the nature of a judgment lien on Debtors' real property. The controversy in this case is whether Creditor's judgment lien constituted a valid lien, and whether said lien is still in effect and is, thus, enforceable.

In order to understand the Debtors' and Creditor's arguments and ascertain the extent of their rights, it is relevant to discuss the applicable aspects of Puerto Rico's Mortgage Law and related regulations. Upon enactment of the Judgment Lien Act of March 8, 1906, a procedure was established enabling a party with a judgment in its favor to obtain a general lien over all the immovable property of the debtor. See In re San Juan Construction Co., 14 B.R. 576, 579

(Bankr. D. Puerto Rico, 1981). This procedure requires that an abstract of the judgment be presented at the Registry of the Property and, upon the docketing and indexing of said judgment, it constitutes a general lien over debtor's property, which is either registered in that district or acquired and registered in the future, up until the expiration of the lien by the passage of the statutory time limit. Id at 579.

To that effect, Section 1806 of the Judgment Lien Act of March 8, 1906 (now 30 L.P.R.A. § 1806), provides that:

> "When a judgment has been recorded and indexed, as provided for in the preceding sections, it shall at once operate as a lien upon all the immovable property of the defendant or defendants, not exempt from execution, situated in the district where such abstract is recorded, and upon the immovable property which the defendant or defendants may thereafter acquire in such district, and such lien shall be of like nature and preference as those mentioned in subsection (5) of § 5193 of Title 31".
> P.R. Laws Ann. 30 § 1806 (1979)

Thus, generally, a judgment lien becomes a valid lien over all the immovable property of the debtor once the judgment is recorded and indexed according to law. This lien has similar effects as that of the cautionary notices made by reason of attachments, sequestrations or executions of judgments by virtue of a judicial mandate as provided for in the mortgage law, however, it is a lien established by statute and not governed by the same requirements as the latter. In re San Juan Construction Co., 14 B.R. at 579. The recording of a judgment, unlike an attachment, is not a judicial action, but rather is the exercise of a statutory right.

Likewise, under Puerto Rico's Mortgage Law, liens become effective from the date in which they are presented or registered with the Registry of the Property. In that sense, Section 2256 provides, in the pertinent part, that: "Registered titles shall become effective for third parties from the date of their registration. For all intents and purposes, the registration date, including the

determination term needed for cancellation of entries, must appear in the registration itself." P.R. Laws Ann. 30 § 2256 (1979).

As for the duration or expiration of this type of lien, Section 1808 sets forth the statutory time limit as follows:

> "When the lien has been established as provided by §§ 1801-1813 of this title, it shall continue in effect until it is cancelled, which shall be done by petition of the interested party to the property registrar through action, after the term of five years from the date of said recording in the registry of judgments".
> P.R. Laws Ann. 30 § 1808 (1979)

In this case, it is undisputed that Creditor's judgment lien was presented and recorded with the Registry of the Property on September 7, 2006.This is evidenced from the title study submitted by the parties. As such, it became a valid lien over Debtors' real property from that date. The five (5) year statutory period expired on or around September 2011. Although the judgment lien was registered by the Property Registrar on November 9, 2011, as evidenced by the certification submitted by the parties, it became effective for third parties from the date of its registration, that is, on September 7, 2006. Thus, the lien expired on or around September 2011, by the passage of the statutory time limit. See In re San Juan Construction Co., supra at 579. Upon expiration of the judgment lien, Debtors were entitled to request cancellation of the same.

Having found that the judgment lien had a validity of five (5) years from its registration with the Registrar of the Property, the Court need not entertain Debtors' alternative argument.

III. Conclusion

After reviewing the arguments of the parties and the relevant law, the court finds that Creditor had an enforceable judgment lien that weighed over Debtors' real property, and was effective since the date it was recorded, on September 7, 2006. However, the court concludes that the judgment lien expired on or around September 2011, by virtue of the five (5) year statutory time limit of

Section 1806, 30 L.P.R.A. § 1806. As such, Debtors were entitled to request cancellation of the judgment lien. Creditor took no action to execute the judicial lien in his favor within the five (5) year validity period. Creditor also failed to show any affirmative action to maintain or renew his secured status under Puerto Rico Law.

Absent a manifest error of law or newly found evidence, the court is not in a position to alter or amend its previous order.

WHEREFORE, IT IS ORDERED that Creditor's motion for reconsideration shall be, and it hereby is, DENIED.

San Juan, Puerto Rico this 05 day of July, 2012.

Brian K. Tester
U.S. Bankruptcy Judge